**In the Matter of: UNITED DEVELOPMENT, INC., Debtor,**

**Joe Auza; et al., Appellants,**

v.

**United Development, Inc., Appellee.**

**No. 07–16838.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2009.

Filed March 19, 2009.

Keith R. Lalliss, Esquire, Law Office of Keith R. Lalliss, Mesa, AZ, James Durkee Wood, Lafayette, CA, for Appellants.

Rodrick J. Coffey, Alisa C. Lacey, Esquire, Stinson Morrison Hecker LLP, Phoenix, AZ, for Appellee.

Before: McKEOWN and IKUTA, Circuit Judges, and SELNA,* District Judge.

* The Honorable James V. Selna, United States District Judge for the Central District of Cali-

MEMORANDUM **

■ The bankruptcy court's finding that UDI was a Ponzi scheme is not clearly erroneous. A Ponzi scheme is "an arrangement whereby an enterprise makes payments to investors from the proceeds of a later investment rather than from profits of the underlying business venture." *In re Agric. Research and Tech. Group, Inc.,* 916 F.2d 528, 531 (9th Cir. 1990). Auza conceded that UDI made payments to lenders from money obtained from later lenders, rather than from business profits. Auza cites no legal authority for his argument that the Trustee cannot avoid transfers to Auza unless the transfer was money UDI received from later investors, and we are aware of none.

■ A "debtor's actual intent to hinder, delay or defraud its creditors may be inferred from the mere existence of a Ponzi scheme." *Id.* at 535. Accordingly, UDI's transfers to Auza were fraudulent under Arizona Revised Statute section 44–1004, and therefore avoidable under 11 U.S.C. § 544(b).

■ The district court properly determined that the transfer from Hoover to Auza was avoidable under 11 U.S.C. § 544(b), because Auza does not rebut the inescapable inference that UDI had an interest in the money paid by Hoover on UDI's behalf to Auza. *Cf. Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ There is an issue of material fact whether UDI's transfer of money to the son, Joseph Auza, constitutes a transfer to the father, Joe Auza, for purposes of 11 U.S.C. § 544(b). Under the dominion test, Joe would be the transferee if he "had

legal authority over the money and the right to use the money however [he] wished." *In re Incomnet,* 463 F.3d 1064, 1070 (9th Cir.2006). Depositing a third party's money into one's own account is insufficient to establish legal authority to that money. *See In re Bullion Reserve of N. Am.,* 922 F.2d 544, 548–49 (9th Cir. 1991). Accordingly, the bankruptcy court erred in granting summary judgment on this issue. *See In re Agric. Research,* 916 F.2d at 533.

■ There is also an issue of material fact whether the $330,000 deposit in Auza's account stemmed from a payment to Auza by UDI. Although UDI's records indicate it made a payment to Auza of $355,000 in December 1998, the deposit slip UDI identifies with that payment indicates Auza deposited $330,000 into his account in January 1998. Given discrepancies in the amount and the timing between the payment and deposit, UDI failed to show there is no triable issue. Although UDI argues that the timing of its $355,000 payment to Auza was due to a tax arrangement with Auza, the evidence in the record does not clearly support this claim. Accordingly, the bankruptcy court erred in granting summary judgment on this issue.

Because the summary judgment standard was not met on two of the three questions presented, no award of attorney's fees is appropriate. Each party shall bear its own costs on appeal.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED.**

fornia, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.